[Dkt. No. 10]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

SPRINGTIME COFFEE CO.,

    Plaintiff,

        v.

ARAMARK REFRESHMENT SERVICES, LLC,

    Defendant.

Civil No. 14-5435

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon the filing by Plaintiff Springtime Coffee Co. ("Springtime") of a Complaint alleging claims of breach of contract and breach of the duty of good faith and fair dealing removed to this Court by Defendant Aramark Refreshment Services ("Aramark") on August 29, 2014. [Dkt. No. 1.]  On October 3, 2014, Aramark moved to dismiss the Complaint, arguing—in essence—that all of Plaintiff's purported breaches were decided pursuant to an arbitration clause contained within the Asset Purchase Agreement at the core of this litigation.  [Dkt. No. 10.]  The Court stayed the motion pending settlement negotiations between the parties.  The matter has not settled, and the motion is ripe for this Court's consideration.

Upon review of the papers, it is clear that the parties dispute the validity of an accounting remedy that is best

1

described as an arbitration award.  Plaintiff seeks to challenge that award by alleging a breach of contract.  Procedurally, however, this is not proper.  The Federal Arbitration Act, 9 U.S.C. §§ 9-11, provides the exclusive grounds for vacating, modifying, or correcting an arbitration award.  Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576, 582 (2008).  See also Plastic Recovery Techs., Co. v. Samson, 2011 WL 3205305, at *2 (N.D. Ill. July 28, 2011) ("When a party seeks to vacate an arbitration award, the party should not file a 'complaint' or any other filing conceived by the Federal Rules of Civil Procedure . . . .  [T]he party challenging the award should file a motion to vacate the arbitration award and provide the court with all matters it would like the court to consider in support of the motion to vacate."); Nistad v. Wealth and Tax Advisory Servs., Inc., 2010 WL 4226527, at *4 (D.N.J. Oct. 21, 2010) ("It is apparent that [the plaintiff] is not satisfied with . . . the arbitrator's decision . . . .  [The plaintiff] cannot challenge the . . . arbitration award on the same basis through this new action whether sounding in breach of contract, negligence or fraud.").  Indeed, albeit with reservations, Springtime acknowledges the appropriateness of filing a motion to vacate the arbitration award.  (Pl.'s Br. at 11 n.1 ("To the extent that the Court determines that Springtime must proceed under the standard to vacate an arbitration award, which Springtime

2

disputes, Springtime respectfully requests permission to amend its pleadings to provide additional facts [supporting] an argument for vacating the purported award.").)

Similarly, Aramark seeks to confirm the award by filing a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  This is procedurally improper.  Hall Street Associates LLC, supra at 582.  Aramark's motion is also problematic because it asks this Court to look at matters beyond the pleadings or documents attached or integral to the Complaint.  Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

Accordingly, the Court will order the parties to appear before Magistrate Judge Schneider on a date and time to be set by Judge Schneider, at which time the Court shall (1) set a schedule for proper briefing and (2) discuss what discovery the parties need and/or are entitled to before the filing of their motions.

Accordingly,

IT IS ON THIS **10th** day of **February 2016**, **ORDERED** that the Motion to Dismiss [Docket No. 10] is dismissed without prejudice as improperly filed; and

3

IT IS FURTHER **ORDERED** that the parties shall appear before the Honorable Joel Schneider as directed by the Court.

<u>s/Renée Marie Bumb</u>
RENEE MARIE BUMB
United States District Judge